FILED'07 AUG 13 16:40USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DARYL J. KOLLMAN, ) | |
| ) | Civ. No. 04-3106-PA |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| NATIONAL UNION FIRE INS. CO. ) | **ORDER** |
| OF PITTSBURGH, PA., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |
| | |
| CELL TECH INTERNATIONAL, INC., ) | |
| ) | |
| Plaintiff-in-Intervention, ) | |
| ) | |
| v. ) | |
| ) | |
| NATIONAL UNION FIRE INS. CO. ) | |
| OF PITTSBURGH, PA., ) | |
| ) | |
| Defendant-in-Intervention. ) | |
| _____ ) | |

**PANNER, District Judge**:

    Daryl J. Kollman and Cell Tech International bring this action against National Union Fire Insurance Co. (National Union). Kollman seeks to recover under an executive and organization liability policy issued by National Union to Cell

1 - ORDER

Tech International, based on a $40 million state court judgment Kollman was awarded against two directors of Cell Tech International. Cell Tech International seeks damages under the same policy, contending that National Union breached duties to defend and indemnify.

Cell Tech International now moves for partial summary judgment on most of National Union's affirmative defenses. I grant Cell Tech International's motion for partial summary judgment except as to motions nos. 19, 23, and 26.

## BACKGROUND

I have adopted Magistrate Judge Cooney's Findings and Recommendations on the cross-motions for summary judgment filed by Kollman and National Union. See Kollman v. National Union Fire Ins. Co., 2007 WL 865679, at *1 (D. Or. Mar. 15, 2007) (F&R). I incorporate by reference the extensive factual background from the F&R.[1] See id. at *1-7.

## SUMMARY JUDGMENT STANDARDS

The court must grant summary judgment if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). If the moving party shows that there are no genuine issues of material fact, the nonmoving party must go beyond the pleadings and

---

[1] The F&R referred to "findings of fact." F&R at *1 & n.1. However, "there is no such thing as a finding of fact on summary judgment." Thompson v. Mahre, 110 F.3d 716, 719 (9th Cir. 1997). The F&R's "findings" were "instead facts as to which there is no genuine issue." Id.

2 - ORDER

designate facts showing an issue for trial.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986).

## INTERPRETING INSURANCE POLICIES

The interpretation of an insurance policy is a question of law.  <u>St. Paul Fire & Marine Ins. Co. v. McCormick & Baxter Creosoting</u>, 324 Or. 184, 192, 923 P.2d 1200, 1205 (1996).  The court ascertains the intent of the parties based on the policy's terms and conditions.  <u>Id.</u>  The court is guided by "the understanding of the ordinary purchaser of insurance."  <u>Botts v. Hartford Acc. & Indem. Co.</u>, 284 Or. 95, 100, 585 P.2d 657, 659 (1978).

The court construes ambiguities in the policy's terms against the insurer.  <u>St. Paul Fire</u>, 324 Or. at 192, 923 P.2d at 1205.  The insured has the initial burden of showing that coverage exists under the policy, while the insurer has the burden of showing that the policy excludes coverage.  <u>Employers Ins. of Wausau v. Tektronix, Inc.</u>, 211 Or. App. 485, 509, 156 P.3d 105, 119 (2007).

## DISCUSSION

Cell Tech International divides its motion for partial summary judgment into 29 separate motions.  Most of these motions concern issues that this court already resolved in ruling on the cross-motions for summary judgment filed by Kollman and National Union.  I adhere to those rulings.  This order discusses previously unresolved issues.

3 - ORDER

## I. Coverage under Organization Liability Provision

### A. The Duty to Defend

The duty to defend is independent of the duty to indemnify. Northwest Pump & Equip. Co. v. American States Ins. Co., 144 Or. App. 222, 227, 925 P.2d 1241, 1243 (1996). "The duty to defend is triggered by the bare allegations of a pleading. In contrast, the duty to indemnify is established by proof of actual facts demonstrating a right to coverage." Id.

An insurer has a duty to defend an action "if the complaint filed against the insured 'could, without amendment, impose liability for conduct covered by the policy.'" United States Fid. & Guar. Co. v. Star Techs., Inc., 935 F. Supp. 1110, 1113 (D. Or. 1996) (quoting Ledford v. Gutoski, 319 Or. 397, 399-400, 877 P.2d 80, 82 (1994)). The court, considering only the allegations in the complaint, determines whether any of the allegations could support a covered claim against the insured. Id. "If the complaint is unclear or ambiguous and may be reasonably interpreted to include an incident within the coverage of the policy, the insurer has a duty to defend." Id. (citing Oakridge Cmty. Ambulance Serv., Inc. v. United States Fid. & Guar. Co., 278 Or. 21, 24, 563 P.2d 164, 166 (1977)). The insurer must defend if the claims "fall both within and outside coverage of the policy." Id. (citing Ferguson v. Birmingham Fire Ins. Co., 254 Or. 496, 507, 460 P.2d 342, 347 (1969)).

/ / / /

4 - ORDER

**B. The Policy Provisions**

Regarding coverage for Cell Tech International itself as an Organization, National Union's policy provides:

> COVERAGE B:   ORGANIZATION INSURANCE
>
> (i) *Organization Liability*.  This policy shall pay the Loss of any Organization arising from a Securities Claim made against such Organization for any Wrongful Act of such Organization.

Moore Aff., Ex. 1, at 3.

The policy defines a "Securities Claim" as

> a Claim, other than an administrative or regulatory proceeding against, or investigation of an Organization, made against any Insured:
>
> (1) alleging a violation of any federal, state, local or foreign regulation, rule or statute regulating securities (including but not limited to the purchase or sale or offer or solicitation of an offer to purchase or sell securities) which is:
>
>    (a) brought by any person or entity alleging, arising out of, based upon or attributable to the purchase or sale or offer or solicitation of an offer to purchase or sell any securities of an Organization; or
>
>    (b) brought by a security holder of an Organization with respect to such security holder's interest in securities of such Organization; or
>
> (2) brought derivatively on behalf of an Organization by a security holder of such Organization.

Moore Aff., Ex. 1, at 7.  The policy also provides that National Union "has no obligation under this policy for covered Defense Costs incurred by, judgments against or settlements by an Organization arising out of a Claim made against an Organization other than a covered Securities Claim, or any obligation to pay

Loss arising out of any legal liability that an Organization has to a claimant, except as respects a covered Securities Claim against such Organization." Id. at 11-12.

### C.  Kollman's Claims Against Cell Tech International

Kollman's initial complaint included two claims against Cell Tech International, a breach of contract claim and a civil conspiracy claim.

#### 1.  Breach of Contract Claim

Kollman's breach of contract claim against Cell Tech International was based on a series of transactions comprising what the complaint defined as the "Restructuring Agreement." Compl. ¶ 30. As part of the alleged Restructuring Agreement, in August 1999, HumaScan, Inc., a Delaware shell corporation, acquired all the outstanding shares of the predecessor corporations to Cell Tech International in exchange for shares of HumaScan. See Nation Aff., Ex. 2, at 7 (Form 10-K filed by Cell Tech International). A few days later, HumaScan changed its name to Cell Tech International, Inc., and reissued stock under the new name. Such transactions are called reverse mergers.[2]

---

[2] A reverse merger (also known as a reverse acquisition) may be used to take a private company public "without fulfilling the ordinary disclosure and registration obligations of a newly public company. The private company arranges to be acquired by a public company with minimal assets (*i.e.*, a shell company) and transfers the private company's assets to the new, publicly-traded owner in exchange for the shell company's equity, and the private company's former management then runs the original company under the corporate identity of the acquiring public company." SEC v. Cavanagh, 445 F.3d 105, 108 n.4 (2d Cir. 2006) (citations omitted).

6 - ORDER

Marta Carpenter, who was then married to Kollman, became the chief executive officer and president of Cell Tech International. Donald Hateley became chairman of the board of directors. Kollman was not given a role in management of Cell Tech International, despite alleged promises to the contrary.

In October 1999, Cell Tech International sold about 10% of its stock to Zubair Kazi.  Kollman alleges that this transaction occurred without his knowledge or consent.  The agreement obligated Cell Tech International to issue additional shares to Kazi if Cell Tech International's value decreased.  The additional shares later issued to Kazi diluted the value of stock held by Kollman, and Kazi eventually became the majority shareholder.

The complaint alleges that Cell Tech International breached the Restructuring Agreement "by failing to register the corporation's stock with the SEC for public sale."  Moore Aff., Ex. 2, at ¶ 30.

The alleged Restructuring Agreement was a private contract. Although the agreement involved securities transactions, no inference can be drawn from the allegations in the complaint that Cell Tech International's conduct violated any rule, statute, or regulation relating to securities.  Cell Tech International's failure to register its stock with the SEC may have breached a promise to Kollman, but there is no indication that failure to register would violate state or federal securities regulations.

7 - ORDER

I conclude as a matter of law that National Union had no duty to defend Cell Tech International against Kollman's breach of contract claim.

### 2. Civil Conspiracy Claim

Kollman's other claim against Cell Tech International was for "Civil Conspiracy-Shareholder Squeeze Out/Fraud" against Carpenter, Hateley, the law firm of Hateley & Hampton, and Cell Tech International. Kollman dropped Cell Tech International as a defendant on the civil conspiracy claim in the second amended complaint, which he filed in December 2003.

The civil conspiracy claim alleges that Carpenter, Hateley, Hateley & Hampton, and Cell Tech International "knowingly aided, abetted or conspired, individually or in concert, with each other and with John and Jane Does." Compl. ¶ 80. The alleged conspiracy was intended to bar Kollman from participating in the management of Cell Tech International; to prevent Kollman from selling his shares to the public; to acquire Kollman's interest in assets that were subject to liens; to acquire Kollman's ownership interest in Cell Tech International; and to conceal negligence, misfeasance, malfeasance, and fraudulent conduct. Compl. ¶ 81.

The claim alleges that stock transfers were part of the scheme to deprive Kollman of his leadership role in the company. However, conduct may include stock transactions without stating a claim for a securities violation. For example, the Kazi

transaction involved the sale of stock, but there is no allegation showing that Cell Tech International's role in the Kazi transaction violated state or federal securities regulations. Nor do allegations that Hateley and Carpenter broke promises that Kollman would remain as a de facto director of Cell Tech International state a claim that Cell Tech International violated securities laws. There are no allegations indicating that Cell Tech International committed a "Wrongful Act," which the policy defines as "any actual or alleged breach of duty, neglect, error, misstatement, misleading statement, omission or act by such Organization, <u>but solely in regard to a Securities Claim</u>." Moore Aff., Ex. 1, at 8 (emphasis added). I conclude as a matter of law that National Union had no duty to defend Cell Tech International against Kollman's civil conspiracy claim.

I also conclude that National Union had no duty to indemnify Cell Tech International regarding the claims brought by Kollman against Cell Tech International directly. Cell Tech International was not held liable on the claims.

## II. Defense Costs of Officers and Directors

Cell Tech International seeks coverage for costs of defending Carpenter, Hateley, and other individuals, as well as the judgment against Carpenter and Hateley.

Regarding Cell Tech International's indemnification coverage for Insured Persons, the policy provides:

9  - ORDER

**COVERAGE B: ORGANIZATION INSURANCE**

. . . .

> (ii) *Indemnification of an Insured Person:* This policy shall pay the Loss of an Organization arising from a Claim made against an Insured Person (including an Outside Entity executive) for any Wrongful Act of such Insured Person, but only to the extent that such Organization has indemnified such Insured Person.

### A. Defense Costs

National Union argues that Cell Tech International has not shown that it indemnified Carpenter or Hateley for the judgment against them, or that Cell Tech International paid defense costs to Hateley, Carpenter, or other individual defendants. In response, Cell Tech International submits an affidavit and exhibits indicating that it made total payments of more than $800,000 for the defense costs of Carpenter, Hateley, and John Neubauer, a former executive who was dismissed as a defendant before trial. Cell Tech International has shown that it paid defense costs for Insured Persons. At this phase of the litigation, the exact amount paid does not need to be determined.

### B. Policy Exclusions

National Union argues that the policy exclusions for illegal profits (4(a)), and for deliberate fraud (4(c)), apply to Kollman's claims against the individual defendants in the underlying action.

/ / / /

/ / / /

### 1. Illegal Profits Exclusion

The policy excludes losses "arising out of, based upon or attributable to the gaining in fact of any profit or advantage to which the Insured was not legally entitled." Moore Aff., Ex. 1, at 8. Magistrate Judge Cooney addressed this exclusion, concluding that National Union "has not set forth any facts which support its position that [the Cell Tech International] defendants violated any law which would require them to return a profit resulting from any such violation." F&R at *14.

National Union argues that because the prior ruling addressed Kollman's claim for coverage under Coverage A, the ruling is not relevant here because the duty to defend under Coverage B(ii) is at issue. National Union cites decisions holding that the duty to defend is independent of the duty to indemnify. See, e.g., Ledford, 319 Or. at 403, 877 P.2d at 84 ("Even when an insurer does not have a duty to defend based on the allegations in the initial complaint, the facts proved at trial on which liability is established may give rise to a duty to indemnify if the insured's conduct is covered.").

It's true that the allegations in the complaint could support a claim that Carpenter and Hateley realized an illegal gain or advantage. However, the allegations could also support a claim that Carpenter and Hateley breached their fiduciary duty to Kollman without violating laws that would require them return a profit. If a complaint could be construed to allege covered and

11 - ORDER

non-covered claims, the insurer has a duty to defend. See <u>United States Fid. & Guar. Co.</u>, 935 F. Supp. at 1113. The exclusion for illegal profit or advantage does not apply.

### 2. Deliberate Fraud Exclusion

The policy excludes losses "arising out of, based upon or attributable to the committing in fact of any deliberate criminal or deliberate fraudulent act by the Insured." Moore Aff., Ex. 1, at 8. For the same reasons that the illegal profit or advantage exclusion does not apply, this exclusion does not apply. The allegations in the complaint could support liability against Carpenter and Hateley based solely on breach of contract rather than deliberate fraud.

## III.  Other Rulings

In light of this court's rulings in adopting the F&R, I conclude that Cell Tech International is entitled to summary judgment on the remainder of its motion for partial summary judgment.

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

12 - ORDER

## CONCLUSION

Cell Tech International's motion for partial summary judgment (#155) is granted except as to motions nos. 19, 23, and 26.

IT IS SO ORDERED.

DATED this ___13___ day of August, 2007.

                                                                        *[signature]*
                                             OWEN M. PANNER
                                             U.S. DISTRICT JUDGE