FILED'08 APR 21 17:20USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DARYL J. KOLLMAN, | |
| Plaintiff, | Civ. No. 04-3106-PA<br>**Lead Case** |
| v. | |
| NATIONAL UNION FIRE INS. CO.<br>OF PITTSBURGH, PA., | **ORDER** |
| Defendant. | |

| |
|---|
| CELL TECH INTERNATIONAL, INC., |
| Plaintiff-in-Intervention, |
| v. |
| NATIONAL UNION FIRE INS. CO.<br>OF PITTSBURGH, PA., |
| Defendant-in-Intervention. |

**PANNER, District Judge:**

The issue is whether National Union may assert its insurance policy's consent-to-settle provision as an affirmative defense

1 - ORDER

against Donald Hateley. The parties agree that this court's previous rulings have resolved the other coverage issues regarding Hateley. I conclude that National Union's consent-to-settle affirmative defense does not apply to Hateley.

## BACKGROUND

National Union's twenty-third affirmative defense alleges:

> To the extent the insured has admitted or assumed any liability, entered into a settlement agreement, stipulated to any judgment, or incurred any Defense Costs without prior written consent of National Union, there is no coverage.

National Union bases this affirmative defense on the policy's assumption of liability clause:

> The **Insurer** does not, however, under this policy, assume any duty to defend. The **Insureds** shall defend and contest any **Claim** made against them. The **Insureds** shall not admit or assume any liability, enter into any settlement agreement, stipulate to any judgment, or incur any **Defense Costs,** without the prior written consent of the **Insurer.** Only those settlements, stipulated judgments and **Defense Costs** which have been consented to by the **Insurer** shall be recoverable as **Loss** under the terms of this policy. The **Insurer's** consent shall not be unreasonably withheld, provided that the **Insurer** shall be entitled to effectively associate in the defense, the prosecution and the negotiation of any settlement of any **Claim** that involves or appears reasonably likely to involve the **Insurer.**

(Original bolding; italics deleted.)

Kollman brought an action in state court against Hateley and other defendants. National Union denied coverage. The case went to trial and Kollman was awarded a $40 million judgment

2 - ORDER

against Hateley and another defendant. The judgment is on appeal.

After the entry of judgment, Hateley petitioned for bankruptcy relief. Kollman filed an adversary proceeding, contending that the $40 million judgment against Hateley was not dischargeable.

The bankruptcy court closed Hateley's bankruptcy case. The parties dispute whether the order closing the bankruptcy case also terminated Kollman's adversary proceeding.

Hateley settled with Kollman. Kollman agreed to dismiss his adversary proceeding. In return, Hateley agreed to seek dismissal of his appeal of the state court judgment, and to request that the bankruptcy court reopen the bankruptcy case to allow the trustee, Helen Frazer, to pursue Hateley's indemnity and bad faith claims against Cell Tech International and National Union. Hateley also agreed that Kollman's attorneys would represent Frazer in this litigation.

## DISCUSSION

### I. National Union Waived the Consent-to-Settle Provision

Because National Union incorrectly refused to defend Hateley, National Union cannot now attempt to enforce the policy's consent-to-settle provision. "A valid excuse is established, which releases the insured from complying with the provisions of the policy against settlement of a claim without

the insurer's consent and those requiring that the claim be reduced to judgment, when the insurer denies liability under the contract and refuses to defend its assured." Lamb-Weston, Inc. v. Oregon Auto. Ins. Co., 219 Or. 110, 116, 341 P.2d 110, 113 (1959); see also Miller v. Shugart, 316 N.W. 2d 729, 734 (Minn. 1982) (an insurer that is disputing coverage cannot "compel the insureds to forego a settlement which is in their best interests").

National Union contends that it did not intentionally relinquish its right to enforce the consent-to-settle provision. Under these circumstances, however, National Union's breach of the duty to defend waived the consent-to-settle provision. See Lamb-Weston, 219 Or. at 116, 341 P.2d at 113; Jaloff v. United Auto Indemnity Exchange, 121 Or. 187, 198-200, 253 P. 883, 887-88 (1927); Lee R. Russ, Couch on Insurance § 202:8 (3d ed. updated Dec. 2007) ("an insurer's unjustified refusal to defend relieves the insured from his or her contract obligation not to settle, and the insured is at liberty to make a reasonable settlement or compromise without losing his or her right to recover on the policy").[1]

---

[1] In Northwest Pump & Equip. Co. v. American States Ins. Co., 144 Or. App. 222, 227, 925 P.2d 1241, 1244 (1996) (in banc), the court held that "an insurer's breach of the duty to defend does not give rise to a duty to indemnify unless the underlying claim is covered." Northwest Pump does not modify the holdings of Lamb-Weston or Jaloff.

4 - ORDER

## II. The Adversary Proceeding Was Pending After Closing

The parties dispute whether the closing of the bankruptcy action terminated the adversary proceeding filed by Kollman. I conclude that Kollman's adversary proceeding remained pending after the bankruptcy court closed the case. See Menk v. Lapaglia (In re Menk), 241 B.R. 896, 906 (B.A.P. 9th Cir. 1999) ("Issues of dischargeability of particular debts survive [closing]."). Neither the discharge order nor the order closing the bankruptcy case mentioned Kollman's adversary proceeding. Philip Aff., Exs. 3 & 4. "[T]he status of the [bankruptcy] case as open or closed makes no difference so long as nothing has mooted the controversy." Menk, 241 B.R. at 906.

Hateley benefitted from Kollman's agreement to dismiss the adversary proceeding. When Hateley settled with Kollman, Hateley was facing personal liability for the $40 million judgment and was incurring attorney's fees.

National Union contends that Hateley should not have agreed to seek dismissal of his appeal of the $40 million judgment. National Union argues that because the judgment against Hateley was based solely on the jury's finding that Hateley aided and abetted his co-defendant Marta Carpenter in a breach of fiduciary duty, Hateley would not be liable if Carpenter prevails on appeal.

Hateley obviously could not know how the Oregon Court of

5 - ORDER

Appeals would rule on the appeal, or whether the Oregon Supreme Court would allow a petition for review. Hateley's decision to settle with Kollman in the face of uncertainty was not irrational.

## CONCLUSION

National Union's twenty-third affirmative defense regarding consent to settle does not apply to Hateley.

DATED this 21 day of April, 2008.

*[signature]*

OWEN M. PANNER
U.S. DISTRICT JUDGE

6 - ORDER