IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| DARYL J. KOLLMAN,<br><br>       Plaintiff,<br><br>   v.<br><br>NATIONAL UNION FIRE INS. CO.<br>OF PITTSBURGH, PA.,<br><br>       Defendant.<br>_____<br><br>CELL TECH INTERNATIONAL, INC.,<br><br>Plaintiff-in-Intervention,<br><br>   v.<br><br>NATIONAL UNION FIRE INS. CO.<br>OF PITTSBURGH, PA.,<br><br>Defendant-in-Intervention. | No. 1:04-cv-3106-PA (Lead Case)<br>CONSOLIDATED CASES<br><br><br><br>**ORDER** |

1 - ORDER

**PANNER, District Judge:**

Defendant National Union Fire Insurance Co. (National Union) moves for summary judgment on the bad faith claims brought by plaintiffs Cell Tech International (Cell Tech) and Helen Frazer, bankruptcy trustee for the estate of Donald Hateley. I grant the motion for summary judgment.

## BACKGROUND

In 2002, Daryl Kollman filed an action in Klamath County Circuit Court against Cell Tech, Marta Carpenter, Hateley, and others. Cell Tech tendered Kollman's complaint to National Union, which had issued a Executive and Organization Liability Policy to Cell Tech. Cell Tech sought coverage for itself as well as for the officers and directors named as defendants in Kollman's lawsuit.

National Union responded that the liability policy did not cover Kollman's claims. National Union relied primarily on the policy's exclusion for claims brought by an insured against another insured, the "insured-versus-insured" exclusion. National Union also concluded that the policy did not cover Kollman's claims against Cell Tech itself because those claims were not "Securities Claims" as defined by the policy.

Throughout the litigation of Kollman's claims in the state trial court, National Union denied any duty to defend Cell Tech or the individual defendants. The state court trial resulted in

2 - ORDER

a jury verdict for Kollman. After resolution of post-trial motions, the final judgment entered in 2004 awarded $40 million to Kollman against Carpenter and Hateley. See Kollman v. Cell Tech Int'l, Inc., 250 Or. App. 163, 279 P.3d 324 (2012) (affirming judgment), review denied, 353 Or. 410, 298 P.3d 1226 (2013 (two petitions).

Kollman then brought this action against National Union. Cell Tech intervened, alleging National Union acted in bad faith by failing to settle with Kollman for the policy limit of $5 million.

Meanwhile, Hateley filed for Chapter 7 bankruptcy, listing the $40 million judgment as the principal liability. Frazer, as trustee, brought an action in this court against National Union for breach of contract. After Kollman settled with Frazer, Bruce Moore, Kollman's attorney, became Frazer's attorney in the action against National Union.

In 2007, this court concluded that National Union had incorrectly denied coverage based on the policy's insured-versus-insured exclusion. This court also concluded that National Union had no duty to defend Cell Tech itself because Kollman's claims against Cell Tech were not "security claims" as defined by the policy. The Ninth Circuit affirmed these rulings. Kollman v. Nat'l Union Fire Ins. Co., 542 F. App'x 649 (9th Cir. 2013).

3 - ORDER

**STANDARDS**

The court must grant summary judgment if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56©. If the moving party shows that there are no genuine issues of material fact, the nonmoving party must go beyond the pleadings and designate facts showing an issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

**DISCUSSION**

**I. National Union Did Not Have a Special Relationship with Cell Tech**

   **A. Bad Faith Claims**

Under Oregon law, "an insurer's bad faith refusal to pay policy benefits to its insured sounds in contract and is not actionable in tort in Oregon." Employers' Fire Ins. v. Love It Ice Cream, 64 Or. App. 784, 791 (1983). Oregon courts will allow bad faith tort claims only if the insurer is subject to a standard of care that is independent of the insurance policy itself. The requisite independent standard of care arises "[w]hen a liability insurer undertakes to 'defend,'" because the insurer then "agrees to provide legal representation and to stand in the shoes of the party that has been sued." Georgetown Realty, Inc. v. Home Ins. Co., 313 Or. 97, 110, 831 P.2d 7, 14 (1992); Allstate Ins. Co. v. Breeden, No. 01-cv-1686-AS, 2007 WL 4480759, at *7 (D. Or. 2007) ("Oregon courts have limited tort

4 - ORDER

claims against insurers to those scenarios where the insurer accepted the responsibility for defending its insured and then acted against the best interests of the insured.").

**B.  No Special Relationship**

Here, because National Union never assumed responsibility for the legal defense of Cell Tech or Hateley, National Union did not have the type of special relationship that could support a bad faith claim under Oregon law. National Union did not control the litigation or exercise independent judgment on Plaintiffs' behalf. Instead, Plaintiffs, through their own attorneys, controlled the litigation.

Plaintiffs cite Regence Group v. TIG Specialty Insurance Co., in which this court concluded that a liability insurer had a special relationship with its insured. 903 F. Supp. 2d 1152, 1169-71 (D. Or. 2012). But in Regence Group, the insurer had agreed "to pay reasonable defense costs and to defend [the insured] in underlying actions through settlement." Id. at 1159. In finding a special relationship, this court noted that the insurer received confidential and privileged documents from the insured; the insurer requested and was given access to the insured's litigation strategies; the insurer and the insured discussed resolving the litigation; and the insurer controlled "any monetary decisions" in the litigation. Id. at 1171.

Here, unlike the insurer in Regence Group, National Union

5 - ORDER

never agreed to pay defense costs, did not seek access to Cell Tech's or Hateley's litigation strategies, and never controlled monetary decisions during the litigation. National Union did send a representative to a mediation session on request, but by itself that is not sufficient to show a special relationship.

## II.  National Union Did Not Unreasonably Deny a Duty to Defend

I also conclude that National Union did not act unreasonably in denying a duty to defend Cell Tech or Hateley. Although this court determined that National Union incorrectly denied coverage based on the insured-versus-insured exclusion, applying of the exclusion was complex, as the Ninth Circuit's statement shows:

> The district court correctly held that the insured-versus-insured policy exclusion did not apply because Kollman was not an insured under the policy. Kollman was not a past executive of a subsidiary of Cell Tech. Rather, he was a past executive of two entities *before* they were subsidiaries. Except for HumaScan, as specified in Endorsement 12, the policy did not insure past executives of previous corporate entities of Cell Tech or its subsidiaries that existed before August 6, 1999.

Kollman v. Nat'l Union Fire Ins. Co., 542 F. App'x 649, 649 (9th Cir. 2013). National Union notes that when it decided to deny coverage, several reported decisions had upheld application of the exclusion to claims brought by former directors of insureds' subsidiaries. See, e.g., American Med. Int'l v. Nat'l Union Fire Ins. Co., 244 F.3d 715, 722-23 (9th Cir. 2001) (insured-versus-insured clause barred coverage for claim by former officer in capacity as corporate bidder); Sphinx Int'l, Inc. v. Nat'l Union

6 - ORDER

Fire Ins. Co., 226 F. Supp. 2d 1326, 1340-41 (M.D. Fla. 2002). Even assuming that a special relationship existed, Plaintiffs have not shown that National Union's denial of coverage was unreasonable or in bad faith.

Because of my rulings on bad faith, I need not address National Union's additional argument that Plaintiffs have not shown damage.

## CONCLUSION

National Union's motion for summary judgment (#403) is granted.

IT IS SO ORDERED.

DATED this ___2___ day of March, 2015.

OWEN M. PANNER
U.S. DISTRICT JUDGE

7 - ORDER